IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 05-36-3-JJF |
| KENNETH BOWMAN, | : |
| Defendant. | : |

## MOTION TO SEVER

NOW COMES the Defendant, Kenneth Bowman, through undersigned counsel, Thomas A. Foley, who hereby moves this Honorable Court pursuant to Federal Rule Criminal Procedure 14, to sever his Trial from his co-defendant's. In support of this motion, Defendant Bowman respectfully submits the following:

1. Defendant Ken Bowman has been indicted and charged with a single count of Conspiracy to Distribute Marijuana. The co-defendants, Robert Cooke and Gwen Bowman (Ken's wife), are each charged with both Conspiracy and Distribution of Marijuana, involving drug transactions alleged to have occurred on February 22nd, February 23rd, March 2nd, and March 16th, 2005. Mr. Cooke and Ms. Bowman are also charged with operating a store that sells drug paraphernalia.

2. The evidence, connecting Ken Bowman with "the conspiracy" is speculative at best, and appears to be based solely upon the fact that Mr. Bowman is married to Gwen Bowman. The Government does not allege that Mr. Bowman was present during any of the alleged drug transactions, nor does the Government allege that Mr. Bowman orchestrated any of the alleged drug transactions. At trial, Mr. Bowman will argue that

although he may have known that friends and loved ones either consumed or sold marijuana, he neither conspired with others, nor facilitated the distribution of marijuana, as alleged by the Government.

    3. Federal Rule of Criminal Procedure 14 permits a trial court to sever defendants, if a defendant will suffer unfair prejudice, via a joint trial. The United States Supreme Court has stated that severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence". <u>Zafiro v. United States</u>, 506 U.S. 534, 539 (1993). In this case, Mr. Bowman would be denied the basic right to present a defense, through his wife's testimony, plus would be forced to waive his right <u>not</u> to testify. Without Gwen's testimony, the jury would not be in a position to render a reliable verdict.

    4. As part of presenting his defense, Mr. Bowman will rely heavily upon the testimony of his wife, Gwen Bowman, who would testify that she consumes marijuana, while her husband, Ken Bowman, neither sells, nor consumes marijuana. Gwen Bowman will testify that her husband never passed judgment on her, and hence, cannot be guilty of a conspiracy, merely because he shares a house with his wife, and generally knows who supplies his wife. However, if tried together, Ms. Bowman could not testify to that end, without incriminating herself. Mr. Bowman would then be forced to testify, in which he would otherwise exercise his right to remain silent. [Ms. Bowman's counsel has confirmed that Gwen would testify on her husband's behalf, so long as she is not forced to incriminate herself].

5. Based upon all of the above, Defendant Ken Bowman has demonstrated (1) a genuine need for his wife's testimony; (2) the substance of the desired testimony; (3) the exculpatory nature of the testimony; (4) the likelihood that his wife would testify. United States v. Nutall, 180 F.3d 182, 187 (5th Cir. 1999); United States v. Gonzales, 918 F.2d 1129, 1137 (3d Cir. 1991).

6. Moreover, the jury would hear two competing defenses. At trial, Mr. Bowman will assert that he had nothing (zero) to do with any alleged marijuana transactions, which his wife will verify. Ms. Bowman's defense will likely attack the Government's misuse of an informant, alleging entrapment, a defense theory completely irrelevant to Mr. Bowman's defense. It is unlikely that Ms. Bowman would testify as part of her defense. Even if she did testify in her defense, Ms. Bowman's testimony would be tailored to address her relationship with the Government's informant, again, none of which is relevant to Mr. Bowman's utter denial of any wrongdoing.

**WHEREFORE,** for these reasons, and any other reasons as shall appear to the Court, the defense respectfully requests that

/s/
Thomas A. Foley, Esquire
Bar ID#2819
1326 King Street
Wilmington, DE 19801
(302) 658-3077
Attorney for Defendant

DATED: May 19, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Criminal Action No. 05-36-3-JJF |
| | : |
| KENNETH BOWMAN, | : |
| | : |
| Defendant. | : |

## **ORDER**

The Court, having considered Defendant Bowman's Motion to Sever, it is hereby ORDERED:

_____

_____

_____

_____

_____
JUDGE JOSEPH J. FARNAN, JR.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 05-36-3-JJF |
| KENNETH BOWMAN, | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that his Motion to Sever is available for public viewing and downloading and was electronically delivered on May 19th, 2005 to:

April M. Byrd, Esquire
Assistant U.S. Attorney
Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046

Edward C. Gill, Esquire
16 North Bedford Street
P.O. Box 823
Georgetown, DE 19947-0824

James E. Liguori, Esquire
46 The Green
Dover, DE 19901

/s/
Thomas A. Foley, Esquire
Bar ID#2819
1326 King Street
Wilmington, DE 19801
(302) 658-3077
Attorney for Defendant

DATED: May 19, 2005