IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 05-36-JJF |
| | : | |
| KENNETH BOWMAN, et al., | : | |
| | : | |
|     Defendant. | : | |

## GOVERNMENT'S RESPONSE TO
## DEFENDANT KENNETH BOWMAN'S MOTION TO SEVER

The United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and April M. Byrd, Assistant United States Attorney for the District of Delaware, hereby responds to defendant Kenneth Bowman's Motion to Sever. For the reasons set forth below, the motion is without merit and should be denied.

    1.    The three co-defendants in this matter are charged in a seven-count Indictment with various crimes related to their participation in a marijuana-distribution conspiracy. All three defendants are charged with conspiracy to distribute marijuana, beginning in mid-to-late February, 2005, and continuing through March 16, 2005 (Count I). Defendants Cooke and Gwennette Bowman[1] are also charged with multiple counts of distributing, or possessing with intent to distribute, marijuana, and operating a "head shop," that is, a business that sells drug paraphernalia (Counts II-VII). The drug-trafficking activities charged in Counts II-VII of the Indictment occurred during the duration of the marijuana-distribution conspiracy.

---

[1] Defendants Kenneth Bowman and Gwennette Bowman are married.

2. In an attempt to distance himself from evidence casting him as a drug dealer, defendant Kenneth Bowman[2] has moved to sever his trial for conspiracy to distribute marijuana from that of his co-conspirators. Severance is necessary, he contends, to afford him the opportunity to call co-defendant Gwennette Bowman to testify in his behalf. (Def. Mot. at ¶¶4-5.) According to the defendant, co-defendant Gwennette Bowman will testify that he neither uses nor sells marijuana. *Id.* Without such testimony, the defendant argues, "the jury would not be in a position to render a reliable verdict." (Def. Mot. at ¶4.) Contrary to the defendant's position, he has failed to demonstrate that severance of his trial is warranted.

3. As an initial matter, the defendant's characterization of the Government's case is simply mistaken. The defendant contends that "[t]he Government does not allege that [he] was present during any of the alleged drug transactions, nor does the Government allege that [he] orchestrated any of the alleged drug transactions." (Def. Mot. at ¶2.) To the contrary, as set forth in the discovery provided to the defense, which includes undercover tape-recordings, the Government expects the evidence to show, *inter alia*, that the defendant and co-defendant Gwennette Bowman jointly met with a Government informant during one of the charged drug transactions; that co-defendant Gwennette Bowman arranged for the informant to meet with co-defendant Cooke to discuss future drug transactions; and that the defendant personally vouched for Cooke in relation to the potential business arrangement.

4. Severance should only be granted if the defendant "clearly establishes that he will be so severely prejudiced by a joint trial that it will in effect deny him a fair trial." *United States v. Stout*, 499 F. Supp. 605, 606 (E.D. Pa. 1980) (internal quotes omitted). In determining the

---

[2] For ease of reference, defendant Kenneth Bowman is referred to herein as "the defendant."

necessity of severance to permit a defendant to call a co-defendant to testify in his behalf, courts should consider the following factors identified by the Third Circuit: (1) the likelihood of co-defendants testifying; (2) the degree to which such testimony would be exculpatory; (3) the degree to which the testifying co-defendants could be impeached; and (4) judicial economy. *See United States v. Boscia*, 573 F.2d 827, 832 (3d Cir. 1978) (*citing United States v. Rosa*, 560 F.2d 149 (3d Cir. 1977) (en banc)). A district court's refusal to sever will not be reversed in the absence of an abuse of discretion. *See id.* (*citing United States v. Somers*, 496 F.2d 723, 730 (3d Cir. 1974)).

### The Likelihood of Co-Defendant Gwennette Bowman Testifying

5.   The defendant has failed to demonstrate the requisite probability that co-defendant Gwennette Bowman would testify in his behalf if the Court severed his trial. Rather, the defendant, through counsel, has done nothing more than simply asserted that his co-defendant would do so. (Def. Mot. at ¶¶4-5.) Such "[b]are assertions that co-defendants will testify are insufficient." *See United States v.* Gonzalez, 918 F.2d 1129, 1137 (3d Cir. 1991) (affirming denial of severance motion in drug conspiracy case) (*quoting Boscia*, 573 F.2d at 832); *cf. United States v. Litman*, 547 F. Supp. 645, 651 & n.1 (W.D. Pa. 1982) (noting that best method for determining likelihood of co-defendant testifying is affidavit from co-defendant, and denying severance even though such affidavit was submitted).

6.   "[A] defendant cannot compel a co-defendant to testify even if their trials are severed...." *United States v. Provenzano*, 688 F.2d 194, 198-99 (3d Cir. 1982) (affirming denial of severance motion in RICO conspiracy case, and noting that judicial economy weighs heavily in favor of trying co-conspirators jointly) (*citing United States v. Barber*, 442 F.2d 517, 529 (3d Cir. 1971)). Here, there is no affidavit from co-defendant Gwennette Bowman averring that at a separate trial she would waive her Fifth Amendment rights and testify. Even if the defendant were to submit such an affidavit, however, that would not resolve the matter. Severance should

nonetheless be denied where, as here, it is "unrealistic to believe that the co-defendant would not invoke [her] Fifth Amendment privilege." *See Boscia*, 573 F.2d at 832 (*citing United States v. Finkelstein*, 526 F.2d 517 (2d Cir. 1975) (affirming denial of severance)).  Indeed, according to the defendant, co-defendant Gwennette Bowman's attorney will permit her to testify in his behalf only "so long as she is not forced to incriminate herself." (Def. Mot. at ¶4.)  Given the defendant's description of her anticipated testimony (Def. Mot. at ¶¶4-5), co-defendant Gwennette Bowman would in fact incriminate herself, regardless of whether she testified in the defendant's behalf at a joint trial or a separate trial.  The defendant's motion should therefore be denied.

### The Degree to Which Co-Defendant Gwennette Bowman's Testimony Would Be Exculpatory

7.  Not surprisingly, the defendant contends that co-defendant Gwennette Bowman would testify that he neither smokes nor sells marijuana. (Def. Mot. at ¶4.)  Again, without an affidavit from the co-defendant, this claim is wholly speculative and self-serving, and therefore insufficient to warrant severance.

8.  Assuming solely for the sake of argument that the defendant were somehow able to demonstrate the requisite factual basis for his claim, however, the proffered testimony may, at first glance, appear exculpatory.  In *United States v. Branham*, No. 86-63-JRR, 1987 WL 12252 (D. Del. June 5, 1987), this Court assessed analogous statements in the context of a severance motion.  There, the defendants, father and son, were charged with participating in a drug-distribution and racketeering enterprise involving the interstate transportation in tractor trailers of drugs and stolen property. *Id.* at *1-2.  In support of the son's motion to sever, the father submitted an affidavit stating "any and all transactions which involved [son] Danny Branham as a driver, or otherwise, were legitimate business dealings having nothing to do with trafficking in narcotics or stolen property." *Id.* at *3.

In denying severance, this Court stated that while the affidavit "may at first glance appear to exculpate [the son] . . . a more careful inquiry reveals that such a bold assertion, standing alone, really says nothing." *Id.* Noting that the affidavit made "no reference to any particular time, place, charge or act alleged in the indictment," but rather simply said that the son was "not involved in illegal business transactions," this Court found that the "exculpatory effect of such a sweeping statement is suspect at best." *Id.*

9.  Similarly, here, the proffered testimony consists of nothing more than a sweeping statement that the defendant was not involved in any illegal drug activity. Couched in such broad terms, it is similarly deficient. *Cf. Stout*, 499 F. Supp. at 606 (noting that "a conclusory proffer is insufficient"). The defendant's motion should therefore be denied.

**The Degree to Which Co-Defendant Gwennette Bowman Could Be Impeached**

10. Accepting the defendant's description of the proffered testimony, there is little doubt that co-defendant Gwennette Bowman would be subject to damaging impeachment. First, as the defendant's wife, she could be impeached on the obvious bases of bias and motive. Second, to exculpate the defendant she would have to inculpate herself, and could therefore be impeached on the basis that she would have nothing to lose by testifying in her husband's behalf. *Cf. Gonzalez*, 918 F.2d at 1137 (noting that exculpatory effect of testimony could be undermined by attack on co-defendants' credibility on theory that it was in co-defendants' best interests to exonerate defendant). Third, she could be impeached by one or more undercover audio recordings of the defendant's statements and conduct. Because any alleged exculpatory effect of co-defendant Gwennette Bowman's testimony could be vitiated through impeachment, severance is not warranted. The defendant's motion should therefore be denied.

**Judicial Economy**

11. Judicial economy strongly warrants the denial of the defendant's severance motion. As the Third Circuit has found, this factor should be emphasized in conspiracy cases because "it is preferable to have all the parties tried together so that the full extent of the conspiracy may be developed." *See Provenzano*, 688 F.2d at 199. The Government expects to present essentially the same case whether the defendants are tried together or tried separately. Inasmuch as the marijuana-distribution conspiracy is charged over the entire time period of the Indictment, it is likely that all evidence admissible against one defendant is also admissible against the other defendants. Therefore, "considerations of judicial economy weigh heavily against separate trials." *See Gonzalez*, 918 F.2d at 1137 (*quoting Boscia*, 573 F.2d at 833).

12. The defendant contends that severance is warranted to prevent the jury from hearing "two competing defenses." (Def. Mot. at ¶6.) According to the defendant, his defense will consist of a blanket denial of wrongdoing. *Id.* Co-defendant Gwennette Bowman's defense, the defendant contends (again through the conclusory statements of his attorney rather than the sworn affidavit of his co-defendant), will likely be entrapment. *Id.*

13. Even accepting the defendant's crystal ball prediction of his co-defendant's trial strategy, he has failed to show how the parties' defenses are in any way "competing." More importantly, the issue is not whether there are "competing" defenses, but whether the defendant, if tried jointly with his co-conspirators, will receive a fair trial. *See Boscia*, 573 F.2d at 833; *Litman*, 547 F. Supp. at 651. Here, all defendants are represented by competent counsel. Further, this is not a case in which *contradictory* defenses appear likely to emerge. It is doubtful – especially in light of the defendant's representations – that the defendants will "point the finger" at each other during trial. Moreover, "[s]everance is not necessary as long as the jurors [can] judge the case against each defendant only on the basis of the evidence properly adducible against him." *See Boscia*, 573 F.2d at 832. The short duration of the charged conspiracy, the small number of participants, and the simple nature of the underlying transactions will permit the

jury, to the extent necessary, to easily compartmentalize the charges and evidence against each defendant. Because the defendant cannot demonstrate that a joint trial would be unfair, and because separate trials would be needlessly redundant, severance is not warranted. The defendant's motion should therefore be denied.

**Conclusion**

Based on the foregoing analysis of the four factors identified in *United States v. Boscia*, none of which support severance, the defendant's Motion to Sever should be denied.

                Respectfully submitted,

                COLM F. CONNOLLY
                United States Attorney


      By: /s/ April M. Byrd
         April M. Byrd
         Assistant United States Attorney

Dated: August 19, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No.05-36-JJF |
| | : | |
| | : | |
| KENNETH BOWMAN, et al., | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, April M. Byrd, Assistant United States Attorney for the District of Delaware, hereby certify that on the 19th day of August 2005, I caused to be electronically filed the Government's Response to Defendant Kenneth Bowman's Motion to Sever with the Clerk of Court using CM/ECF. Said document is available for viewing and downloading from CM/ECF. I further certify that a copy of the foregoing was placed in the U.S. Postal Service for delivery to counsel of record as

follows:

Thomas A. Foley, Esquire
1326 King Street
Wilmington, DE 19801

Edward C. Gill, Esquire
P.O. Box 824
Georgetown, DE 19947

James E. Liguori, Esquire
Liguori, Morris & Yiengst
46 The Green
Dover, DE 19901

/s/ April M. Byrd
April M. Byrd
Assistant United States Attorney