```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,      :
                               :
          Plaintiff,           :
                               :
     v.                        :Criminal Action No. 05-36-3-JJF
                               :
KENNETH BOWMAN,                :
                               :
          Defendant.           :
                               :
```

                            **MEMORANDUM ORDER**

    Pending before the Court is Defendant's Motion To Sever (D.I. 24). For the reasons discussed, the Motion will be denied.

**I.   BACKGROUND**

    Kenneth Bowman ("Defendant") is charged with conspiracy to distribute marijuana. His alleged co-conspirators are his wife, Gwennette Bowman, and Robert Cooke (collectively, the "Co-Defendants"). While the Co-Defendants are charged with other counts, Defendant is only charged with the one count of conspiracy.

    The following facts are alleged in the Criminal Complaint (D.I. 2). In February 2005, police received information from a confidential informant that he had purchased marijuana from Gwennette Bowman several times over many years. Officers, through the confidential informant, conducted controlled purchases of marijuana from Ms. Bowman. On one occasion, the confidential informant asked Ms. Bowman to introduce him to her supplier, Robert Cooke, and Defendant vouched for Cooke's

reliability. A meeting occurred between the Co-Defendants and the confidential informant, where Cooke and the confidential informant discussed future drug transactions. At a later date, Cooke sold marijuana to the confidential informant. A few weeks later, a meeting was arranged where the confidential informant sold Cooke ten pounds of marijuana. Cooke's car was stopped shortly after the meeting, and the marijuana was seized.

## II.  PARTIES' CONTENTIONS

By his motion, Defendant contends that being tried jointly with the Co-Defendants will be unduly prejudicial, and therefore, the trials should be severed. Defendant, first, argues that Gwennette Bowman can provide exculpatory testimony, but that she cannot and will not testify at a joint trial because she will be incriminating herself. Second, Defendant argues that because his defense conflicts with that of the Co-Defendants, irrelevant information would be brought into the trial.

In response, the Government contends that Defendant has failed to demonstrate undue prejudice. The Government argues that there is no likelihood of Gwennette Bowman testifying, that even if she did testify, her testimony would not be exculpatory and she would be subject to impeachment, and that judicial economy requires the Court to deny Defendant's Motion.

2

**III. DISCUSSION**

Federal Rule of Criminal Procedure 14(a) provides that "if the joinder of offenses or defendants in...a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). While this rule gives the trial court great discretion, a severance should only be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539(1993).

    A.   <u>Whether failure of Defendant's wife to testify on Defendant's behalf at their joint trial will unduly prejudice Defendant, requiring the Court to sever the trials</u>

The Third Circuit has established four factors that should be considered in determining whether to grant a severance so that a co-defendant may testify: "(1) What is the likelihood that co-defendants will testify? (2) What is the degree to which such testimony would be exculpatory? (3) What is the degree to which the testifying co-defendants could be impeached? (4) What is the effect on judicial economy?" United States v. Gonzales, 918 F.2d 1129, 1137 (3d Cir. 1990) (citing United States v. Boscia, 573 F.2d 827, 832 (3d Cir. 1978)).

The Court concludes that under these four factors, the trials should not be severed. First, the likelihood that Gwennette Bowman will testify is not great. While Defendant claims to have confirmation from Ms. Bowman's counsel that Ms. Bowman will testify at a severed trial (D.I. 24 at 2), a promise from counsel that her client will testify is not sufficient to satisfy the first factor. United States v. Stout, 499 F.Supp. 605, 606-07 (E.D. Pa. 1980); see also Boscia, 573 F.2d at 832 ("[b]are assertions that co-defendants will testify are insufficient"). This promise is not sufficient because "a defendant cannot compel a co-defendant to testify even if their trials are severed." United States v. Provenzano, 688 F.2d 194, 198 (3d Cir. 1982). Even if the promise were sufficient, the promise is conditioned upon Ms. Bowman not incriminating herself. (D.I. 24 at 2). Defendant contends that Ms. Bowman will testify that even though she uses marijuana, Defendant neither uses nor sells marijuana. Id. Since Ms. Bowman will admit she uses marijuana, her proffered testimony is potentially self-incriminating.

Second, the testimony would not be exculpatory, particularly in light of the third factor, the degree to which Ms. Bowman could be impeached. While Defendant contends that Ms. Bowman will testify that Defendant was not involved with drugs, the jury could reach that conclusion based on other evidence put forth by

4

Defendant or a lack of evidence put forth by the Government. Furthermore, Ms. Bowman can be impeached based on her bias toward Defendant, her husband, or her interest in the outcome of Defendant's trial.

Finally, the Court finds that the need for judicial economy weighs in favor of denying a severance. While no defendant should be denied a fair trial, "where there is a reasonable assurance that defendants will be given a fair trial regardless of whether a severance is granted, judicial economy becomes a relative factor." Boscia, 573 F.2d at 833. The same evidence and witnesses will be used by the Government to try all the defendants involved in this case. Rather than requiring the Government to prove its case several times, the Court finds that it is in the interest of judicial economy to try Defendant and the Co-Defendants together.

The Court is persuaded by the reasoning in United States v. Bissell, 954 F.Supp. 841 (D. N.J. 1996), because the Court finds it is analogous to the instant case. In Bissell, a husband and a wife were charged with several criminal acts relating to the way they conducted their business. Bissell, 954 F. Supp. at 873-74. The wife sought to sever her trial, arguing it was the only way that her husband would be able to testify on her behalf. Id. The court concluded that severance was not warranted because there was only a bare promise that the husband would testify, and

separate trials were not in the interest of judicial economy, since the evidence and witnesses for both would be the same. Id.

Applying the Bissell rationale and the four-factor test set out in Gonzales, the Court concludes that a joint trial will not unduly prejudice Defendant. Accordingly, Defendant's Motion To Sever (D.I. 24), based on the claim that his wife will not be able to testify at his trial, will be denied.

    B.    <u>Whether Defendant's defense is in such conflict with Ms. Bowman's that Defendant will be prejudiced if the trials are not severed</u>

In addition to seeking a severance based on his wife's inability to testify, Defendant also contends that a severance should be granted because the jury will be required to hear two competing defenses. To support a severance based on competing defenses, the defenses must be completely inconsistent. Provenzano, 688 F.2d at 198. That is not the case here. Defendant contends that Ms. Bowman's defense is entrapment, while his defense is a complete denial of any wrongdoing. It is conceivable that Ms. Bowman could have been entrapped while Defendant lacked any involvement, and thus, these defenses are not completely inconsistent. Any concern that Defendant has about the jury associating him with Ms. Bowman's crime can be quelled through a limiting instruction. Zafiro, 506 U.S. at 540-41.

6

"Severance is not necessary as long as the jurors could judge the case against each defendant only on the basis of the evidence properly adducible against him." Boscia, 573 F.2d at 833. Because the Court finds that Defendant's and Ms. Bowman's defenses are not inconsistent, and because a limiting instruction can cure confusion about the defenses, the Court concludes that Defendant will not be unduly prejudiced, and therefore, severance is not required. Accordingly, Defendant's Motion To Sever will be denied.

## IV. CONCLUSION

For the reasons discussed, Defendant's Motion To Sever (D.I. 24) is **DENIED**.

October 5, 2005

_____
UNITED STATES DISTRICT JUDGE